IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

MAURICE ASKEW

Criminal No. 03-244-4
Criminal No. 04-39

**ORDER OF COURT**

The procedural history of petitioner's Motions to Vacate Sentence pursuant to 28 U.S.C. § 2255 has been a bit confusing to date, most likely because there are two Askew defendants at Criminal No. 03-244 (Maurice and Anthony Askew) who each has filed a Motion to Vacate, and Maurice Askew's Motion to Vacate in Criminal No. 04-039. See Petitioner's Motion to Compel Status of Criminal Case, Affidavit in Support and Remarks re Statement of Intent (docs. no. 101, 102 and 103 at Criminal No. 04-039, respectively) and this Court's Orders of June 10, 2008 (doc. no. 98 at Criminal No. 04-039) (scheduling order that was withdrawn because it was inadvertently filed at the wrong case number for the wrong defendant), and October 9, 2008 (doc. no. 104 at Criminal No. 04-039). The Order of October 9, 2008 at Criminal No. 04-039 explained the status of petitioner's two cases as of that date as follows:

> Before the Court is petitioner Maurice Askew's "Motion to Compel Status of Criminal Case No.(s) 2:03cr00244-4 & 2:04cr00039-all" (doc. no. 101), which is accompanied by his affidavit in support (doc. no. 102) and an "Informal Brief Statement of Intent In Re: 'Miller Notice and Order' Criminal No. 04-39" (doc. no. 102). IT IS HEREBY ORDERED that petitioner's Motion to Compel Status of Criminal Case is GRANTED.
>
> The Court will attach copies of the current dockets for Criminal No. 03-0244-4 and for Criminal No. 04-039, which will inform petitioner of the status of these cases. Additionally, the Court offers the following synopsis to clarify any confusion petitioner may have about the status of his cases.

Criminal No. 04-039

On February 20, 2008, petitioner filed his Motion to Vacate Sentence Under 28 U.S.C. § 2255 at doc. no. 95 at Criminal No. 04-039 only. The caption for this Motion to Vacate specifies that petitioner is challenging his sentence at this Court's "Docket No. 04-CR00039." The Court filed an Order Regarding Miller Notice and Election (doc. no. 96) on February 25, 2008 . . . which stated [in part] as follows:

\* \* \* \* \*

> The "Informal Brief Statement of Intent In Re: "Miller Notice and Order" indicates that defendant exercises Option 3, and "moves this Court to withdraw petitioner's Section 2255 Motion on the grounds that he intends to file 'one inclusive' Section 2255 petition" raising an additional issue. Having exercised Option 3, the Court will **GRANT** defendant's Motion to Withdraw (with doc. no. 97) his Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 95), and will **DISMISS** said Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 95) **without prejudice** to his filing one all-inclusive Motion to Vacate Sentence Under 28 U.S.C. § 2255 on or before **August 30, 2008.**

Order of May 14, 2008 (doc. no. 98) at 2-3.

August 30th came and went, and petitioner still has not filed his one all-inclusive §2255 petition, as required by this Court's order. Accordingly, the status of Criminal No. 04-039 is that petitioner's initial Motion to Vacate was denied, and there are currently no pending motions other than the instant motion to compel.

Criminal No. 03-244-4

As the docket in this case shows, the only thing pending as of this date was a Motion for Transcript (doc. no. 221) filed on March 20, 2008, which was about 17 months after his sentence was affirmed on appeal by the United States Court of Appeals for the Third Circuit. There is no Motion to Vacate or other motion pending in this case. The Court has denied the Motion for Transcript (doc. no. 221) today, by separate text-only order.

Miscellaneous Clarification

One further clarification is in order. In his "Informal Brief Statement of Intent In Re: 'Miller Notice and Order' Criminal No. 04-39" (doc. no. 102), petitioner "moves this Court to withdraw petitioner's Section 2255 Motion on the grounds he intends to file 'one all-inclusive' Section 2255 petition. The petitioner

2

further moves this Court to dismiss this withdrawal of his Section 2255 motion and ask leave to file a supplemental issue to his original Section 2255 petition, in the event petitioner falls within his one year period under the AEDPA. . . ." *Id*.

This informal request was not docketed as a motion, so this Court will not formally deny it as such. The Court will, however, deny this request because the Court already granted his formal motion to withdraw his initial section 2255 petition and dismissed said petition, and gave him until August 30, 2008 to file one all-inclusive section 2255 petition at Criminal No. 04-039. Petitioner may file a formal Motion to File One All-inclusive Section 2255 Motion to Vacate Nunc Pro Tunc [i.e., a motion to file his revised section 2255 Motion to Vacate out-of-time], and this Court will order the government to file a response thereto, in the event he files such a motion.

Order of October 9, 2008 (doc. no. 104 at Criminal No. 04-039) at 1, 4-5.

**Criminal No. 03-244-4**

Maurice Askew filed his Motion to Vacate (doc. no. 241) in this case on November 7, 2008, accompanied by a "Motion for Equitable Tolling of Petitioner's Previous Timely Filed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (doc. no. 242), and an Affidavit (doc. no. 243) in support thereof which supports his assertion that, in fact, he placed his Motion to Vacate in the hands of prison officials at FCI-Lewisburg on April 28, 2008. The Court directed the government to file a response to petitioner's Motion for Equitable Tolling of Petitioner's previous timely filed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (doc. no. 242) on or before November 21, 2008. No response or request for enlargement of time was filed at Criminal No. 03-0244-4; however, a motion for enlargement of time was erroneously filed at Criminal No. 04-039, as explained below.

**Criminal No. 04-039**

Currently before the Court are three motions at Criminal No. 04-039: petitioner's "Motion for Equitable Tolling of Petitioner's Re-Submission of His Previous Timely Filed

3

Informal Brief [103] Statement of Intent In Re: 'Miller Notice and Order'" (doc. no. 105); petitioner's "Motion for Equitable Tolling of This Court's Order Giving the Petitioner Until August 30, 2008 to file 'One-All-Inclusive' Section 2255 Motion" (doc. no. 106); and the government's "Motion for an Extension of Time Within Which To File its Response to the Defendant's Motion for Equitable Tolling" (doc. no. 107).

The Government's Motion for Extension of Time from November 21, 2008 until December 12, 2008, is docketed at Criminal No. 04-039 but captioned at Criminal No. 03-244, where it should actually have been filed and docketed, as the government's response to defendant's motions for equitable tolling in Criminal No. 03-244-4 was in fact due on November 21, 2008, whereas its response to petitioner's motions for equitable tolling in Criminal No. 04-039 is not due until December 8, 2008. Given the confusion that has been shared by all concerned, the Court will deem the government's motion for an enlargement of time to file its response to the motion for equitable tolling to have been properly filed at Criminal No. 03-244-4, and will grant that motion, but only until December 8, 2008, when its response to the motions for equitable tolling in Criminal No. 04-039 is due. The government shall files its <u>separate responses</u> on or before that date at the proper Criminal Case Numbers for each response.

From petitioner's motions and previous filings, he appears to be diligently pursuing his available remedies under 28 U.S.C. § 2255, which lends credibility to his assertions (supported by internal documents from his BOP facility at FCI-Lewisburg) that he did not receive, via the prison mail system, this Court's Order of May 14, 2008 dismissing his initial Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 95 at Criminal No. 04-039) "without prejudice to his filing one all-inclusive Motion to Vacate Sentence Under 28 U.S.C. § 2255 on or before August

30, 2008." Order of May 14, 2008 (doc. no. 98 at Criminal No. 04-039), at 3. Similarly, the affidavits submitted at Criminal No. 03-244-4 would appear to present good cause excusing his failure to file a Motion to Vacate in that case until November 7, 2008.

If the government concludes from its factual investigation that petitioner's averments in support of equitable tolling in either or both cases are accurate, the Court would anticipate (and encourage) the government withdrawing any objections to tolling of the Motions to Vacate for any delays caused by inadvertence of prison officials or the mailing system. Unless there is good reason to deny equitable tolling, the Court's preference is to grant petitioner's motions for equitable tolling and order the government to respond on the merits to petitioner's Motions to Vacate in each case, followed by an opportunity for petitioner to reply to said responses.

By granting petitioner's requests for equitable tolling in either case and "accepting" said motions for consideration, however, the Court would not be expressing any opinion about whether either Motion to Vacate was timely filed in the first instance under AEDPA's statute of limitations, or whether an amendment filed at Criminal No. 04-039 would relate back to the timely filing within the meaning of Fed.R.Civ.P. 15(c). See *Mayle v. Felix*, 545 U.S. 644 (2005) (petitioner's amended petition, filed after the one-year federal habeas limitations period and targeting his statements in a pretrial interrogation, did not relate back to the date of the original petition under Fed.R.Civ.P. 15(c), which targeted the admission into evidence of videotaped testimony of a witness for the prosecution). The government would have the opportunity to address any timeliness issues in its substantive Responses to petitioner's Motions to Vacate, and petitioner would have the opportunity to reply to those issues and any others raised by the government in his replies.

5

For the foregoing reasons, the government's "Motion for an Extension of Time Within Which To File its Response to the Defendant's Motion for Equitable Tolling" (doc. no. 107) is deemed to have been filed at Criminal No. 03-244-4, and is GRANTED. The government shall file its response on or before **December 8, 2008.**

                                                   s/ Arthur J. Schwab
                                                   Arthur J. Schwab
                                                   United States District Judge

cc:
Maurice Askew, Petitioner
Inmate Number 07973-068
United States Penitentiary
P.O. Box 1000
Lewisburg, Pa 17837

all counsel of record