IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

**Criminal No. 03-244-4**

**v.**

**MAURICE ASKEW**

## ORDER OF COURT AND "MILLER NOTICE"

The Court incorporates the procedural history of petitioner's Motion to Vacate his

sentence pursuant to 28 U.S.C. § 2255 as was set forth in its Order of November 24, 2008 (doc.

no. 246). Currently pending are petitioner's Motion to Vacate (doc. no. 241) filed on November

7, 2008, accompanied by a "Motion for Equitable Tolling of Petitioner's Previous Timely Filed

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (doc. no. 242), and an

Affidavit (doc. no. 243) in support thereof which supports his assertion that, in fact, he placed his

Motion to Vacate in the hands of prison officials at FCI-Lewisburg on April 28, 2008.

The government agrees that, pursuant to the mailbox rule, see *Houston v. Lack*, 487 U.S.

39 (1988), the Motion to Vacate should be deemed to have been filed as of April 28, 2008.

Government's Response to Defendant's Motion for Equitable Tolling of Petitioner's Previous

Timely Filed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (doc. no.

247). The Court also agrees that, under the circumstances presented by petitioner, it is

appropriate to deem his Motion to Vacate to have been filed on April 28, 2008, and it will be so

ordered. Accordingly,

petitioner's "Motion for Equitable Tolling of Petitioner's Previous Timely Filed Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (doc. no. 242) is HEREBY

GRANTED, and petitioner's Motion to Vacate is deemed to have been filed as of April 28, 2008.

This leads us to the "Miller Notice." Although a Miller Notice was served on petitioner in his other case at Criminal No. 04-039 and he is therefore aware of the Miller procedure, it is best to inform him specifically of his Miller options in this case.

**TO THE PETITIONER IN THE ABOVE ACTION:**

You have filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 241). You are hereby notified that federal law requires that you include all of your federal constitutional claims challenging a specific conviction and sentence in one petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit held in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) that, upon receipt by the United States District Court of a pro se petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner regarding the effect of his pleadings." This Miller Notice should advise the petitioner of the following:

Option 1. You can have your motion ruled upon as filed.

Option 2. If your motion is not styled as a section 2255 motion, this Court can re-characterize your motion as a section 2255 motion and resolve it as such, but in that case, you will lose your ability to file a second and successive petitions absent certification by the Court of Appeals.

Option 3. You may withdraw the motion, and file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.

This same notice applies to a pro se petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).

In other words, if this Court considers and denies your petition as filed and the claims you raise in this petition on the merits, you will not be able to file a second or subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and the issuance of a certificate of appealability by the United States Court of Appeals for the Third Circuit.

Because your motion is explicitly captioned a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 241), Option 2 does not apply. Therefore, you are hereby directed to consider this Miller Notice, and to make an election between Option 1 (to have your motion ruled upon as filed) or Option 3 (withdraw your motion, in which case you may file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244).

Accordingly,

AND NOW, this 12th day of December, 2008, it is HEREBY ORDERED that petitioner Maurice Askew shall file his "Statement of Intent" in response to this Miller Notice on or before January 30, 2009, setting forth his intention to either have his Motion to Vacate Sentence Under 28 U.S.C. § 2255 ruled upon as filed (and lose his ability to file a second or successive petitions absent certification by the court of appeals), or withdraw his motion, in which case he may file one all-inclusive section 2255 petition subject, however, to the one-year from final judgment statutory period prescribed by AEDPA for section 2255 petitions.

If petitioner exercises Option 3, the time for filing his "one all-inclusive § 2255 petition"

will be tolled an additional 120 days from the date he files such Statement of Intent. *United States v. Miller*, 197 F.3d at 653. This Court does not read *Miller*, however, as reviving any claims that already may have been extinguished as untimely or as foreclosing the Government's right to challenge any additional claims raised therein as untimely.

In the event petitioner does not file his Statement of Intent on or before January 30, 2009, this Court will proceed to determination of his motion as filed, with the attendant consequences under AEDPA. *United States v. Miller*, 197 F.3d at 652, n.7.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Maurice Askew, Petitioner
Inmate Number 07973-068
United States Penitentiary
P.O. Box 1000
Lewisburg, Pa 17837

all counsel of record