IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

                                       **Criminal No. 03-244-4**

     **v.**                               **Civil Action No. 09-64**

**MAURICE ASKEW**

**MEMORANDUM OPINION REGARDING
PETITIONER'S MOTION TO VACATE (DOC. NO. 260)**

**I.     Introduction**

Before the Court is petitioner Maurice Askew's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody ("Motion to Vacate")

(Doc. No. 260).  After careful consideration of the Motion to Vacate, the government's response

thereto, and the files and entire record in the case, this Court finds that certain of petitioner's

allegations, even if accepted as true, do not entitle him to relief, and that other of his allegations

cannot be accepted as true because they are contradicted by the record.  Accordingly, there is no

need to conduct an evidentiary hearing, and the Court will deny the Motion to Vacate.

**II.     Background**

In 2002 and 2003, there was a series of armed robberies at numerous financial institutions

in Western Pennsylvania that followed a remarkably similar pattern.  The modus operandi of

these robberies was that two masked men would enter the bank, each with gun drawn, one of the

men would cover the employees and patrons while the other jumped over the counter and riffled

the drawers for cash, and then the two men would run to a waiting stolen vehicle and flee the

scene.  The 18 count Superseding Indictment filed on March 2, 2004 charged four persons with

various offenses stemming from six of these bank robberies, as follows:

•      Dollar Bank in Fox Chapel, Pennsylvania; August 1, 2002.  Counts One through Three

charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.[1]

- Dollar Bank, Penn Hills, Pennsylvania; September 3, 2002.  Counts Four through Six charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

- USAir Credit Union, Moon Township, Pennsylvania; September 21, 2002.  Counts Seven through Nine charged Anthony Williams and Anthony Askew (Maurice Askew's brother) with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

- S&T Bank, Plum Borough, Pennsylvania; November 21, 2002.  Counts Ten through Twelve charged Anthony Williams and Anthony Askew with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

- National City Bank, New Kensington, Pennsylvania; December 3, 2002.  Counts Thirteen through Fifteen charged Anthony Williams and Anthony Askew with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii),

---

[1] Each of the Counts also charged the Defendants named therein with aiding and abetting liability under 18 U.S.C. § 2.

respectively.

• S&T Bank, Murrysville, Pennsylvania; July 8, 2003. Counts Sixteen through Eighteen charged Anthony Williams, Anthony Askew and Nicole Harris with bank robbery, armed bank robbery and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

Anthony Williams was the gunman who jumped the counter and took the cash while one of the Askew brothers stood guard in each robbery. Nicole Harris was the driver of the getaway car for the S&T bank robbery on July 8, 2003. Williams and Harris entered into plea agreements with the government and testified against the Askew brothers at their jury trial in May/ June 2004. The jury found the Askews guilty as charged on all counts of the Superseding Indictment, and this Court sentenced the two men as follows:

Maurice Askew (Counts One through Six): Defendant was committed to the custody of the U.S. Bureau of Prisons for a term of imprisonment of 468 months, calculated as follows: 84 months at each of Counts One, Two, Four and Five, to be served concurrently to each other; 84 months (7 years) at Count Three, to be served consecutively to the preceding term of imprisonment; and 300 months (25 years) at Count Six, to be served consecutively to the preceding terms of imprisonment. Additionally, the Court sentenced Maurice Askew to a term of Supervised Release of 3 years at each of Counts One and Four, to run concurrently, and a term of 5 years at each of the remaining counts, to run concurrently, a special assessment of $600.00, and restitution.

Anthony Askew (Counts Seven through Eighteen): Defendant was committed to the custody of the U.S. Bureau of Prisons for a term of imprisonment of 1124 months (over 93

years), calculated as follows: 140 months at each of Counts Seven and Eight, Ten and Eleven,

Thirteen and Fourteen, and Sixteen and Seventeen, to be served concurrently to each other; 84

months (7 years) at Count Nine,  to be served consecutively to the preceding terms of

imprisonment; 300 months (25 years) at each of Counts Twelve, Fifteen and Eighteen, to be

served consecutively to the preceding terms of imprisonment and to each other.  Additionally, the

Court sentenced Anthony Askew to a term of Supervised Release of 3 years at each of the bank

robbery counts, to run concurrently, and a term of 5 years at each of the armed bank robbery and

brandishing of firearms counts, to run concurrently, a special assessment of $1200.00, and

restitution.  On November 5, 2004, this Court entered an Order correcting Anthony Askew's

sentence:  the concurrent sentences of 140 months imprisonment and three years supervised

release at Counts Seven, Ten, Thirteen and Sixteen were vacated, as were his concurrent

sentences of 84 months imprisonment and three years supervised release at Counts One and Four.

For both Askew brothers, the main driver behind their substantial terms of imprisonment

was the statutory consecutive sentences that were mandated because they brandished firearms in

furtherance of the armed bank robberies.  See 18 U.S.C. § 924(c)(1)(A)(ii).  18 U.S.C. § 924(c)

provides, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise
> provided by this subsection or by any other provision of law, any person who,
> during and in relation to any crime of violence or drug trafficking crime . . . uses
> or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,
> shall, in addition to the punishment provided for such crime of violence or drug
> trafficking crime– . . .  (ii) if the firearm is brandished, be sentenced to a term of
> imprisonment of not less than 7 years . . .

18 U.S.C. § 924(c)(1)(A).

Additionally, section 924(c)(C)(i) provides that in the case of a second or subsequent

4

conviction under this subsection, the person "shall be sentenced to a term of imprisonment of not less than 25 years."  18 U.S.C. § 924(c)(C)(i).

The United States Court of Appeals for the Third Circuit consolidated the Askews' separate appeals, and affirmed the convictions and judgments of sentence in an opinion and order entered on October 26, 2006.  (Doc. No. 218).  As to the several issues raised by Anthony, the Court of Appeals rejected his arguments that: (i) the district court erred in not suppressing the evidence seized from his apartment (linking him to the July 8, 2003 bank robbery) during the execution of the search warrant because the supporting affidavit did not establish probable cause for the search; (ii) the district court erred in allowing the government to introduce trial testimony of a positive voice identification by Mr. Wayne Fischer, who had been present during the July 8, 2003 robbery at the S&T Bank in Murrysville; (iii) the evidence was insufficient to sustain the convictions; and (iv) the joinder of Anthony's with Maurice's charges for trial was improper and the district court therefore erred in refusing to sever their trials pursuant to Fed.R.Crim.P. 8(b).

As to the sufficiency of the evidence, the Court of Appeals for the Third Circuit outlined the evidence against the brothers:

> The only issue at trial was the identity of the people who committed the charged crimes. All other elements in connection with the charged crime were stipulated prior to the close of the trial. Anthony Williams tied Anthony Askew to each of the bank robberies the latter was charged with. Williams testified that, as to each of those robberies, Anthony Askew had stolen a car the night before the robbery, and the next day Williams and Anthony Askew drove to the respective bank in the stolen car. Once at the bank, they entered carrying firearms, and Williams jumped over the teller counter to get the money from tellers while Anthony Askew controlled the lobby area at gunpoint. According to Williams, they fled in the stolen car, which they then abandoned.

> That testimony would, by itself, be sufficient to convict Anthony Askew of each of the robberies he was charged with committing with Williams, but there is

more. Nicole Harris testified that she was the getaway driver in two of the four robberies, and that both Williams and Anthony Askew participated in the armed robbery of USAir Federal Credit Union and the S&T Bank in Murrysville. Accordingly, Anthony Askew's sufficiency argument is frivolous.

Opinion, October 26, 2006 (Doc. No. 218) at 7.

As to the improper joinder issue, the Court of Appeals held as follows:

Joinder of defendants is proper where they are charged with virtually identical schemes and where all of the schemes are linked together by a common third party. . . . Here, the Askew brothers robbed banks with a common actor, Anthony Williams. The same method of operation was employed to rob the banks, and the banks were all robbed during a similar time frame. Their conduct thus formed a series of criminal activities involving a common actor, common methods, and a common time frame. There was no violation of Rule 8(b).

Opinion, October 26, 2006 (Doc. No. 218) at 8.

### III.    Motion to Vacate

Maurice Askew filed a timely Motion to Vacate on November 7, 2008, and was permitted to supplement his initial motion with one all-inclusive Motion to Vacate which he filed on May 26, 2009 (Doc. No. 260).[2]  The Motion to Vacate raises three grounds for relief alleging ineffective assistance of counsel in violation of petitioner's Sixth Amendment right to counsel. Petitioner claims (i) that his trial counsel was ineffective in failing to move to suppress evidence taken from his apartment pursuant to an unsigned search warrant; (ii) that trial counsel was ineffective for failing to object at sentencing to violation of his Sixth Amendment right to notice and reasonable doubt finding by a jury of facts that drastically enhanced his sentence for a second offense of brandishing a firearm in furtherance of a crime of violence; and (iii) that trial counsel was ineffective in failing to object to the two consecutive sentences imposed at Counts Three and

---

[2] The procedural history between the initial and the supplemental Motions to Vacate is not material to this decision.

Six for brandishing a firearm in furtherance of a crime of violence.  The government has filed its response at (Doc. No. 270), and the Motion to Vacate is now ripe for disposition.

### IV.    Standards for Reviewing Section 2255 Petitions

#### A.    28 U.S.C. § 2255: Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

Section 2255 of Title 28 of the United States Code provides that:

>    (a) A prisoner in custody under sentence of a court established by Act of Congress  claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Further, section 2255 provides that unless the motion to vacate, files and records "conclusively show" that the petitioner not entitled to relief, the court shall:

>    cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court has discretion whether to conduct an evidentiary hearing.  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir.

2005)).  Exercise of that discretion is constrained by section 2255, however, which requires the district court to hold an evidentiary hearing "'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'"  *Id.* (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).  This is not a high bar for a movant to meet, especially since the district court, in considering a section 2255 claim, "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Forte*, 865 F.2d at 62).

Thus, a section 2255 motion can be dismissed without a hearing only if (1) its allegations, accepted as true, would not entitle the petitioner relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).  A district court's decision not to hold an evidentiary hearing may be reversed for abuse of discretion if "the files and records of the case are inconclusive on the issue of whether movant is entitled to relief . . ."  *Id.* at 131 (citing *Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001)).

### B.   Rules of Procedure for Section 2255 Proceedings

The Rules Governing Section 2255 Proceedings for the United States District Courts (hereafter "Section 2255 Rules") apply to proceedings on an application for relief under Section 2255.  Habeas corpus proceedings are *sui generis*.  *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005).  The Federal Rules of Civil and of Criminal Procedure may be applied in section 2255 proceedings, except to the extent they are inconsistent with the Section 2255 Rules, which will prevail in the event of inconsistency.  *Id.*; Section 2255 Rule 12 .

8

The Section 2255 Rules require the district court to conduct a prompt preliminary review of a motion to vacate sentence.  Section 2255 Rule 4(b) states, in pertinent part:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response, within a fixed time, or to take such other action the judge may order.

Section 2255 Rule 4(b).

Rule 5(a) provides that the "respondent is not required to answer the motion unless a judge so orders." Section 2255 Rule 5(a).  In this case, this Court has directed the government to respond to petitioner's Motion to Vacate, which response has been filed and docketed at (Doc. No. 270).

The Supreme Court has stated that a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Yet, discovery is not precluded entirely and Rule 6 of the Section 2255 Rules allows a court to "authorize a party to conduct discovery" under the Federal Rules of Civil or Criminal procedure, or in accordance with the "practices and principles of law," if the party is able to show "good cause" for the discovery requested.  Section 2255 Rule 6(a).  At a minimum, the petitioner must provide specific allegations from which the court may determine whether granting the request would enable the petitioner to demonstrate he or she is entitled to relief.  *Bracy*, 520 U.S. at 904.  Rule 6(a) also allows for the appointment of counsel under 18 U.S.C. § 3006A, if "necessary for effective discovery."  Section 2255 Rule 6(a).

Section 2255 Rule 7 provides that, as part of the screening process, "the judge may direct

9

the parties to expand the record by submitting additional materials," and may require such materials to be authenticated, provided the court gives to the party against whom the additional materials are offered notice and an "opportunity to admit or deny their correctness."  Section 2255 Rule 7(a), (c).  Such materials include letters predating the filing of the motion, documents, exhibits and answers under oath to interrogatories propounded by the judge, and affidavits.  Section 2255 Rule 7(b).

"If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Section 2255 Rule 8(a).  If the Court determines that an evidentiary hearing is warranted, counsel must be appointed to represent petitioner at such hearing under 18 U.S.C. § 3006A, and the court should schedule the hearing "as soon as practicable after giving the attorneys adequate time to investigate and prepare."  Section 2255 Rule 8(c).

**C.     The Procedural Default Rule and the "Cause and Actual Prejudice" Standard**

"Relief under 28 U.S.C. § 2255 is not available to correct errors that could have been raised at trial or on direct appeal."  *DiModica v. United States*, 2007 WL 2212853, at *2 (D.N.J. July 31, 2007) (citing *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993)).  If a defendant attempts to raise such errors in a section 2255 motion, the motion will be "procedurally barred." *Id.* (citing *United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003)); *see also Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) ("Put differently, a movant has *procedurally defaulted* all claims that he neglected to raise on direct appeal.") (emphasis added).

However, "courts will exempt a movant from [the procedural default rule] if he can prove . . . that there is a valid cause for the default, as well as prejudice resulting from the default." *Hodge*, 554 F.3d at 379.  As the *Hodge* case stated, plausible ineffective assistance of counsel claims that, if proven, would rise to the level of Sixth Amendment violations, constitute sufficient cause to excuse procedural default. *Id*. (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) and *Wise v. Fulcomer*, 958 F.2d 30, 34 n. 9 (3d Cir. 1992)).

The "cause and actual prejudice" standard was formulated in *United States v. Frady*, 456 U.S. 152, 167-68 (1982), where the Supreme Court stated: "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  To prove "actual prejudice," the movant must show that the alleged trial error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *id.* at 170, and that there is a substantial likelihood that, absent the error, a jury would have acquitted him, *id.* at 172.

**D.     Ineffective Assistance of Counsel**

In *Massaro v. United States*, 538 U.S. 500 (2003), the Supreme Court held that the procedural default rule was neither a statutory nor constitutional requirement, but rather, a device used by courts to promote judicial economy and the finality of judgments.  *Id.* at 504.  The Court further held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Id.*  The standard for deciding an ineffective-assistance-of-counsel claim remains the

11

less stringent two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

In order to succeed on such a claim, a defendant must show (1) that his or her counsel's performance was deficient and (2) that he or she was prejudiced by it. *Lilly*, 536 F.3d at 195 (citing *Strickland*, 466 U.S. at 687). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *McCoy*, 410 F.3d at 132 n.6).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objective standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge*, 554 F.3d at 379 (quoting *Strickland*, 466 U.S. at 688). In reviewing counsel's performance, the court must be "highly deferential," which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (quoted in *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)). In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoted in *Hankerson*, 496 F.3d at 310). To rebut this presumption, the movant "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005). However, the reviewing court may not indulge in hindsight or "engage in speculation about how the case might best have been tried." *Hess v. Mazurkiewicz*, 135 F.3d 905, 908 (3d Cir. 1998).

Under the prejudice prong of the *Strickland* test, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694). Accordingly, the movant will not be entitled to relief "unless [he or she] affirmatively establishes the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

The *Strickland* test applies to the performances of both trial and appellate counsel. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004); *United States v. Gray*, 558 F.Supp.2d 589, 595 (W.D. Pa. 2008); *Showers v. Beard*, 586 F.Supp.2d 310, 330 (M.D.Pa. 2008). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see *Jones v. Barnes*, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). "The test for prejudice in the appellate context is not whether petitioner would likely prevail upon remand, but whether the sentence or judgment would likely have been reversed and remanded if the issue had been raised on direct appeal." *Id.* (citing *United States v. Mannino*, 212 F.3d 835, 847 (3d Cir. 2000)).

Appellate counsel is not obligated to raise all issues, but may select those which maximize the likelihood of a successful appeal. *Id.* (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance be overcome." *Smith*, 528 U.S. at 288. Thus, to show that

13

appellate counsel was ineffective, "a defendant must do more than show that counsel failed to raise every non-frivolous issue." *Gray*, 558 F.Supp. 2d 595.  Furthermore, a defendant who claims to have been prejudiced by ineffective assistance of appellate counsel "must show that 'there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard.'"  *Id.* (quoting *Mannino*, 212 F.3d at 845).

### V.     Application to Petitioner's Motion to Vacate

### A.     "Unsigned" Search Warrant

Petitioner's first ground for relief is not supported by the record and is without merit. Petitioner obtained copies of search warrants issued on October 14, 2003 to search the residence of Xondra Nolan (Maurice's girlfriend) at 660 Princeton Boulevard and a safe located at that residence from DOJ through the freedom of information act, which copies are unsigned and redacted.  See (Doc. No. 260) at 18-33.  Petitioner further asserts that the copies of the search warrants left at the residence at 660 Princeton Boulevard were unsigned, that he told his trial counsel about this and asked counsel to move to suppress the evidence seized pursuant to the unsigned warrants, and that counsel ignored his requests.

The original court files at the Magistrate Judge dockets at 03-mj-309 and 03-mj-311 have apparently been destroyed, including the affidavits for search warrants and the actual search warrants issued by the Magistrate Judge.  However,  uncontradicted testimony by Special Agent Robert Smith at trial (Transcript, June 1, 2004 (Doc. No. 144) at 47-55), indicates that the search warrants were presented to a United States Magistrate Judge who determined there was probable cause for the search and seizure of evidence and issued the warrants.  Moreover, the docket

entries at 03-mj-309 and 03-mj-311 explicitly state that the warrants has been signed and issued by the Magistrate Judge.  Even if the copies left at petitioner's residence were unsigned, therefore, that technical defect would not invalidate the search.  See *United States v. Lipford*, 203 F.3d 259, 269-70 (4th Cir. 2000) (fact that police officer had provided defendant with unsigned copy of search warrant, when the original had in fact been signed, did not require suppression of evidence obtained in search, which "was, at most, a technical violation of Federal Rule of Criminal Procedure 41(d), and not a violation of the Fourth Amendment. Absent a demonstration of prejudice or bad faith - neither of which is present here - suppression of evidence is not the proper remedy"); *United States v. Jackson*, 617 F.Supp.2d 316 (M.D. Pa. 2008) (collecting cases) (unsigned search warrant contained sufficient indicia of issuance to satisfy Fourth Amendment requirements, and in any event, the good faith exception to the exclusionary rule applied).

**B.      Failure to Raise *Apprendi* Objection to Consecutive Sentences for 924(c) Violations**

Petitioner argues that the imposition of two consecutive sentences at Counts Three and Six for the brandishing of firearms in furtherance of armed bank robberies violates his Sixth Amendment right to have sentence enhancing facts found by a jury beyond a reasonable doubt, as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and subsequent cases, and that counsel was ineffective in failing to raise an *Apprendi* challenge.

At Count Three, petitioner was charged with using, carrying and brandishing a firearm, namely, a Glock Model 19, 9 millimeter handgun and a Bryco Arms, 9 millimeter handgun,

15

during and in relation to a crime of violence, that being the armed bank robbery of Dollar Bank

in Fox Chapel as alleged in Count Two of the Superseding Indictment, contrary to the provisions

of 18 U.S.C. § 924(c)(1)(A)(ii).[3]  Count Six charged petitioner with the exact same section

924(c) offense with respect to the Dollar Bank of Penn Hills robbery charged in Count Five. The

Court instructed the jury on the elements of a section 924(c) violation, and the jury convicted

petitioner on both of these Counts.[4]

Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), this Court sentenced the defendant to a term of

seven years imprisonment at Count Three, consecutive to the 84 month sentence, and, pursuant to

18 U.S.C. § 924(c)(1)(C)(ii), to a consecutive term of 25 years imprisonment at Count Six.

Relying on *Apprendi v. New Jersey*, petitioner now contends that his trial counsel was ineffective

_____

[3] In relevant part, section 924(c) states:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by
this subsection or by any other provision of law, any person who, during and in relation to
any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such
crime, possesses a firearm, shall, in addition to the punishment provided for such crime of
violence or drug trafficking crime –

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7
years; and . . .

(C) In the case of a second or subsequent conviction under this subsection, the person
shall –

(i) be sentenced to a term of imprisonment of not less than 25 years; . . .

[4] The jury was instructed that any person who, during and in relation to any crime of
violence, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,
shall be guilty of this offense, and that armed bank robbery, which each defendant is charged
with committing, is such a crime of violence that satisfies the "is a crime of violence" element of
section 924(c), if the jury determined that the government proved beyond a reasonable doubt that
the defendant committed the crime of armed bank robbery as charged.

by not challenging imposition of the consecutive 25 year term of imprisonment because the Superseding Indictment did not allege facts or give notice of that statutory provision and the jury was not required to find the facts giving rise to that enhanced, consecutive sentencing provision beyond a reasonable doubt.  This issue is without merit, for at least  two reasons.

The jury was, in fact, instructed as to the elements of the section 924(c) violations charged at Counts Three and Six, and found petitioner guilty of two separate instances of that offense.  Thus the jury actually found all of the facts giving rise to the enhanced, consecutive 25 year sentencing provision, beyond a reasonable doubt, including that the petitioner had committed two separate acts of armed bank robbery.

Second, by its own terms, *Apprendi* does not apply where the enhancing factor is a prior conviction of record.  See *United States v. Ordaz*, 398 F.3d 236, 240 (3d Cir. 2005) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

> ### C.   Trial Counsel Was Not Ineffective in Failing to Challenge the Imposition of The Sentences Imposed on the 924(c) Counts On the Grounds That the "Except Clause" Of Section 924(c) Required That the Defendant Be Subject to Only One Mandatory Minimum Sentence

Petitioner argues that the "except" clause of section 924(c)(1)(A), see note 3 supra, prohibits a defendant from being sentenced to two consecutive terms of imprisonment, and that this Court should vacate the second term of imprisonment of 25 years, relying on *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008).  Petitioner's reliance on *Whitley* is misplaced.

The *Whitley* case held that a consecutive ten-year minimum sentence for discharge of firearm pursuant to section 924(c)(1)(A) (the "except" clause) did not apply to a defendant who also was subject to a  fifteen-year minimum sentence for being a felon in possession of a firearm

with three prior violent felonies.  529 F.3d at 158 ("Read literally, as we believe the 'except'
clause of subsection 924(c)(1)(A) should be, the clause exempts Whitley from the consecutive
ten-year minimum sentence for discharging a firearm because he is subject to the higher
fifteen-year minimum sentence provided by section 924(e).").

In petitioner's case, he was charged, tried, convicted and sentenced on two separate
violations of section 924(c), for brandishing a firearm in furtherance of two separate armed bank
robberies.  The first conviction at Count Three required a seven year term of imprisonment
consecutive to any other sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i); the second such
conviction at Count Six required a 25 year term of imprisonment pursuant to 18 U.S.C. §
924(c)(1)(C)(i) (in case of a second or subsequent conviction under this subsection, the person
"shall be sentenced to a term of imprisonment of not less than 25 years.").  Because each section
924(c) conviction was based upon a separate underlying crime of violence, i.e., separate
robberies of distinct Dollar Bank branches, the sentences required by section 924(c)(1)(A)(i) and
section 924(c)(1)(C)(i) are valid and do not amount to double counting.  See *United States v.
Luiz-Diaz*, ___ F.3d ___, 2010 WL 143684 (3d Cir. 2010) (quoting *United States v. Cappas*, 29
F.3d 1187, 1195 (7th Cir. 1994) ("each § 924(c) count needs to be tied to a different . . . drug-
trafficking crime" [or crime of violence] . . . and . . . "separate [§ 924(c) ] convictions are
permissible so long as the court's instructions require the jury to connect each gun use to a
separate predicate offense.")).

**VI.     Conclusion**

For the reasons set forth above, the Motion to Vacate, files and records of the case

conclusively show that petitioner is not entitled to relief.  Accordingly, there is no need to

conduct an evidentiary hearing before determining that the Motion to Vacate should be denied.

A separate order will be entered.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:
Maurice Askew, Petitioner
Inmate Number 07973-068
United States Penitentiary
P.O. Box 1000
Lewisburg, Pa 17837

all counsel of record