IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

        Plaintiff,                           Criminal No. 03-244-04

      v.                                  Civil no. 04-039

MAURICE ASKEW,                    **ELECTRONICALLY FILED**

        Defendant/Petitioner.


**MEMORANDUM ORDER RE: DEFENDANT'S MOTION
(DOC. NOS. 338, 339)**

## I. Introduction

Presently before the Court is Maurice Askew's ("Petitioner's") Motion to Have Heard

New Substantive Rule Per the Court's Discretion. Doc. nos. 338 and 339.[1] For the reasons set

forth below, the Court will deny this Motion.

## II. Case History

In 2002 and 2003, there was a series of armed robberies at numerous financial institutions

in Western Pennsylvania. The *modus operandi* of these robberies was that two masked men,

with guns drawn, would enter a bank, and while one of the men would cover the employees and

patrons, the other would jump over the counter, riffle the drawers for cash, and then the two men

would run to a waiting stolen vehicle and flee the scene. The 18-count Superseding Indictment

filed on March 2, 2004 charged four persons, including this Petitioner (Maurice Askew) and his

brother (Anthony Askew), along with Anthony Williams, and Nicole Harris, with the various

---

1 This Motion was docketed twice – once at doc. no. 338 and once at 339, but the entries are identical.
Thus, this Court has prepared this singular Memorandum Order.

offenses stemming from six of these bank robberies.

Those counts that involved this Petitioner, Maurice Askew, were as follows:

- Dollar Bank in Fox Chapel, Pennsylvania; August 1, 2002. Counts One through Three charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery, and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.[2]

- Dollar Bank, Penn Hills, Pennsylvania; September 3, 2002. Counts Four through Six charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery, and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

Anthony Williams was the gunman who jumped the counter and took the cash while one of the Askew brothers stood guard in each robbery. Nicole Harris was the driver of the getaway car for the S&T bank robbery on July 8, 2003. Williams and Harris entered into plea agreements with the government and testified against the Askew brothers at their jury trial in May and June of 2004.3

The jury convicted Maurice Askew on all counts of the Superseding Indictment. In sum, Maurice Askew, was convicted of bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Counts 1, 4); armed bank robbery, in violation of Title 2113(d) (Counts 2, 5); and carrying a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Counts 3, 6).

[2] Each of the Counts also charged the Defendants named therein with aiding and abetting liability under 18 U.S.C. § 2.

This Court sentenced Petitioner, Maurice Askew, on Counts One through Six, to a term of imprisonment of 468 months, calculated as follows: 84 months (7 years) at each of Counts One, Two, Four and Five, to be served concurrently to each other; 84 months (7 years) at Count Three, to be served consecutively to the preceding term of imprisonment; and 300 months (25 years) at Count Six, to be served consecutively to the preceding terms of imprisonment. Additionally, the Court sentenced Maurice Askew to a term of Supervised Release of 3 years at each of Counts One and Four, to run concurrently, and a term of 5 years at each of the remaining counts, to run concurrently, a special assessment of $600.00, and restitution.

For both Maurice Askew and his brother, the main reason behind their substantial terms of imprisonment was the statutory consecutive sentences that were mandated because they brandished firearms in furtherance of the armed bank robberies. See 18 U.S.C. § 924(c)(1)(A)(ii). Section 924 provides, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A).

Additionally, Section 924(c)(C)(i) provides that in the case of a second or subsequent conviction under this subsection, the person "shall be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(C)(i).

When the Askew brothers appealed their sentences, the United States Court of Appeals

---

[3] Thereafter, Judge Schwab married Williams and Harris, as per their request.

for the Third Circuit consolidated their separate appeals, and affirmed their convictions and judgments of sentence in an Opinion and Order entered on October 26, 2006.  Doc. no. 218.

On November 7, 2008, this Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255.  Doc. no. 241.  On January 21, 2010 this Court issued a Memorandum Opinion and Order denying the Motion to Vacate.  Doc. nos. 272 and 273.

This Petitioner timely filed an appeal (doc. no. 283) of the Court's Order denying him relief under § 2255, and requested a certificate of appealability.  On September 7, 2010, the United States Court of Appeals for the Third Circuit denied his request stating:

> . . . For essentially the reasons explained by the District Court in its January 21, 2010, opinion, Askew has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

Doc. no. 290.

On February 6, 2012, in response to a motion filed by this Petitioner, the Court of Appeals held:

> The petition for rehearing filed by Appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and a majority of the judges who concurred in the decision not having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court *en banc*, the petition for rehearing is hereby DENIED.

Doc. no. 308.

On April 8, 2014, Petitioner's Motion to Have Heard New Substantive Rule Per the Court's Discretion was filed.[4]

---

[4] No response was ordered.

### III. Discussion

Pages 14 through 20 of Petitioner's Motion contain the arguments he makes in favor of vacating his sentence.

In a nutshell, Petitioner argues that *Alleyne v. United States*, 133 S.Ct. 2151, (2013) endows him with a "new right" one which, when invoked, is a "right against the designation of traditional elements as sentencing factors[.]" Doc. nos. 338, 339, p. 15. Petitioner continues this argument by asserting that he was "sentenced to 57 years imprisonment for offenses he was never found guilty of." Id.

Petitioner further explains that under *Alleyne* he is not arguing "who is authorized to determine § 924(c)(1)(C)," rather, he argues that *Alleyne* has "prohibited Congress from designating § 924 (c)(1)(C) as a sentencing factor."

### A. Petitioner's Original § 2255 Petition

In Petitioner's original Section2255 Petition (doc. no. 241), he raised numerous claims. Important to the pending petition, was the issue he stated, *inter alia*, as follows, "Petitioner was not indicted under 924(c)(1)(C)(i) or did the Court instruct the jury as to the elements of 924(C)(1)(C)(i)." Petitioner then cited some case law arguing that, "a 'new crime' . . . must be charged in the indictment or found by a jury beyond a reasonable doubt . . . [.]" The Petitioner also specifically stated, "[t]he Supreme Court never held 924(c)(1(C)(i) to be a sentencing factor under 924(c)(1)(A)." Doc. no. 241, pp. 8-9.

In response to Petitioner's "924 arguments," the Government's Response argued that the Petitioner's trial counsel was not ineffective in failing to challenge the imposition of the sentences imposed on the 924(c) Counts on the grounds that the Government had not alleged in

the indictment or proven beyond a reasonable doubt at trial the facts giving rise to the mandatory

minimum sentences imposed at Counts 3 and 6.

In reaching its decision on this issue, this Court wrote in its Opinion the following:

Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), this Court sentenced the
defendant to a term of seven years imprisonment at Count Three, consecutive to
the 84 month sentence, and, pursuant to 18 U.S.C. § 924(c)(1)(C)(ii), to a
consecutive term of 25 years imprisonment at Count Six. Relying on *Apprendi v.
New Jersey*, petitioner now contends that his trial counsel was ineffective
by not challenging imposition of the consecutive 25 year term of imprisonment
because the Superseding Indictment did not allege facts or give notice of that
statutory provision and the jury was not required to find the facts giving rise to
that enhanced, consecutive sentencing provision beyond a reasonable doubt. This
issue is without merit, for at least two reasons.

The jury was, in fact, instructed as to the elements of the section 924(c)
violations charged at Counts Three and Six, and found petitioner guilty of two
separate instances of that offense. Thus[,] the jury actually found all of the facts
giving rise to the enhanced, consecutive 25 year sentencing provision, beyond a
reasonable doubt, including that the petitioner had committed two separate acts of
armed bank robbery.

Second, by its own terms, *Apprendi* does not apply where the enhancing
factor is a prior conviction of record. See *United States v. Ordaz*, 398 F.3d 236,
240 (3d Cir. 2005) (citing *Almendarez-Torres v. United States*, 523 U.S. 224
(1998)).

Doc. no. 272, pp. 16-17.

This Court in the same prior Opinion also considered whether Petitioner's trial counsel

was ineffective in failing to challenge the imposition of the sentences imposed on the 924(c)

counts on the grounds that the "Except Clause" of Section 924(c) required that the Petitioner be

subject to only one mandatory minimum sentence. The Court concluded that he was not. Id., at

pp. 17-18.

As noted above, on more than one occasion, the United States Court of Appeals for the

Third Circuit affirmed this Court's decision. Doc. nos. 290 and 308.

**B. The Instant Petition**

Based on the foregoing, this Court will not restate that which it set forth in its prior Opinion (doc. no. 272), in relation to its interpretation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its applicability to the facts raised in the instant petition. The Court concludes that its prior analysis on that case and its applicability here is unchanged, in light of the fact of that Petitioner is raising the same arguments in his current petition.

Moreover, the Court finds that there is no "new <u>issue</u>" being raised by Petitioner here, that is separate and distinct from any issue previously raised in his Section 2255 Petition filed on November 7, 2008. To the contrary, Petitioner is raising the same arguments he previously made, but now, is merely claiming that the most recent United States Supreme Court case, *Alleyne,* supports his previous arguments. The Court disagrees with Petitioner.

As stated by the Supreme Court in *Alleyne:*

> *Harris* [*v. United States*, 536 U.S. 545 (2002)] drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We conclude that this distinction is inconsistent with our decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and with the original meaning of the Sixth Amendment. Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. See *id*., at 483, n. 10, 490, 120 S.Ct. 2348. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. Accordingly, *Harris* is overruled.

133 S.Ct. 2151.

At first blush it might seem that because Petitioner was sentenced to a mandatory minimum of seven years at Counts Three and Six (the two counts pertaining to

carrying/brandishing a firearm), *Alleyne* should apply to his case. However, *Alleyne* is factually

distinguishable from the matter at hand. In *Alleyne*, the Supreme Court noted that the jury was

not presented with the facts necessary to establish whether the defendant brandished a weapon,

holding, "[t]he judge, rather than the jury, found brandishing, thus violating petitioner's Sixth

Amendment rights." *Id* at 2163-64. Unlike Alleyne, the Court in the instant matter, properly

instructed the jury.

As this Court noted in its prior Opinion:

> The jury was, in fact, instructed as to the elements of the section 924(c) violations charged at Counts Three and Six, and found petitioner guilty of two separate instances of that offense. Thus[,] the jury actually found all of the facts giving rise to the enhanced, consecutive 25[-]year sentencing provision, beyond a reasonable doubt, including that the petitioner had committed two separate acts of armed bank robbery.

Doc. no. 272, p. 16.

Thus, this Court has already determined, as a matter of law, and the Court of Appeals for

the Third Circuit has affirmed, that the jury was, in fact, instructed as to the elements of the

section 924(c) violations charged at Counts Three and Six. Accordingly, there this no new issue

that has been raised by the instant Motion(s) (doc. nos. 338 and 339). Furthermore, after this

Court's careful consideration of the instant Motion(s), which is solely predicated upon a legal

argument, as well as a thorough review of the files and record in this case, this Court finds that,

there is no need to conduct an evidentiary hearing.

Accordingly, the Court will deny the instant Motion(s).

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

**ORDER OF COURT**

AND NOW, this 25th day of April, 2014, for the reasons set forth above, and those

previously set forth in the Court's Memorandum Opinion and Order (doc. nos. 272 - 273),  IT IS

HEREBY ORDERED that Petitioner's, Maurice Askew's, Motion to Have Heard New

Substantive Rule Per the Court's Discretion (filed twice, at doc. nos. 338-339) is DENIED.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties

        Maurice Askew, Petitioner
        Inmate Number 07973-068
        United States Penitentiary Canaan
        P.O. Box 300
        3057 Easton Turnpike
        Waymart, Pa. 18472
        OFFICIAL LEGAL CORRESPONDENCE