IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 03-244-04 |
| v. | Civil no. 04-039 |
| MAURICE ASKEW, | **ELECTRONICALLY FILED** |
| Defendant/Petitioner. | |

**MEMORANDUM ORDER**

**I. Introduction**

Presently before the Court is Maurice Askew's ("Petitioner's") Motion to Have Heard New Substantive Rule Per the Court's Discretion. Doc. nos. 338 and 339.[1] For the reasons set forth below, the Court will deny these Motions.

**II. Case History**

In 2002 and 2003, there was a series of armed robberies at numerous financial institutions in Western Pennsylvania. The *modus operandi* of these robberies was that two masked men, with guns drawn, would enter a bank, and while one of the men would "cover" the employees and patrons, the other would jump over the counter, riffle the drawers for cash, and then the two men would run to a waiting stolen vehicle and flee the scene. The 18-count Superseding Indictment filed on March 2, 2004, charged four persons, including this Petitioner (Maurice Askew) and his brother (Anthony Askew), along with Anthony Williams, and Nicole Harris, with the various offenses stemming from six of these bank robberies.

---

[1] This Motion was docketed twice – once at doc. no. 338 and once at doc. no. 339, but the entries are identical. Thus, this Court has prepared this singular Memorandum Order.

Those counts that involved this Petitioner, Maurice Askew, were as follows:

- Dollar Bank in Fox Chapel, Pennsylvania; August 1, 2002. Counts One through Three charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery, and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.[2]

- Dollar Bank, Penn Hills, Pennsylvania; September 3, 2002. Counts Four through Six charged Anthony Williams and Maurice Askew with bank robbery, armed bank robbery, and carrying and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii), respectively.

Anthony Williams was the gunman who jumped the counter and took the cash while one of the Askew brothers stood guard in each robbery. Nicole Harris was the driver of the getaway car for the S&T bank robbery on July 8, 2003. Williams and Harris entered into plea agreements with the Government and testified against the Askew brothers at their jury trial in May and June of 2004.

The jury convicted Maurice Askew on all counts of the Superseding Indictment. In sum, Maurice Askew, was convicted of bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Counts 1, 4); armed bank robbery, in violation of Title 2113(d) (Counts 2, 5); and carrying and brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Counts 3, 6).

This Court sentenced Petitioner, Maurice Askew, on Counts One through Six, to a term of imprisonment of 468 months, calculated as follows: 84 months (7 years) at each of Counts One, Two, Four and Five, to be served concurrently to each other; 84 months (7 years) at Count

---

[2] Each of the Counts also charged the Defendants named therein with aiding and abetting liability under 18 U.S.C. § 2.

Three, to be served consecutively to the preceding term of imprisonment; and 300 months (25 years) at Count Six, to be served consecutively to the preceding terms of imprisonment. Additionally, the Court sentenced Maurice Askew to a term of Supervised Release of 3 years at each of Counts One and Four, to run concurrently, and a term of 5 years at each of the remaining counts, to run concurrently, a special assessment of $600.00, and restitution.

For both Maurice Askew and his brother, the main reason behind their substantial terms of imprisonment was the statutory consecutive sentences that were mandated because they brandished firearms in furtherance of the armed bank robberies. See 18 U.S.C. § 924(c)(1)(A)(ii). Section 924 provides, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A).

Additionally, Section 924(c)(C)(i) provides that in the case of a second or subsequent conviction under this subsection, the person "shall be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(C)(i).

Prior to the sentencing hearing, the United States Office of Probation and Pretrial Services prepared Maurice (and Anthony) Askew's Presentence Investigation Report ("PSR"). At the time of its preparation, the PSR was not a document that was filed on the docket, given the certain information contained therein. However, this Court issued a Sentencing Order on October 12, 2004 which specifically noted that, "neither party has challenged the accuracy of the Probation Office's report [referencing the PSR] in any other respect, the Court will accept the

3

accuracy of the fact [sic] findings of the [PSR] which are not in dispute." Doc. no. 156.

Contained among the PSR's uncontested facts – which this Court adopted – was the following: during the course and scope of the August 1, 2002 robbery, which formed the basis for Count Three – a Section 924(c) charge – Maurice Askew and Anthony Williams "both entered the bank with handguns drawn, instructing the employees to get down on the floor, while demanding money from the tellers." PSR, p. 4, ¶6. The PSR also indicated that during the September 3, 2002 robbery, which formed the basis for Count Six – the other Section 924(c) charge – Maurice Askew and Anthony Williams "both entered the bank with handguns drawn, ordered everyone to get down on the floor and demanded money from the tellers." PSR, p. 5, ¶7.

In addition, the PSR noted:

> It is specified in U.S.S.G. § 2K2.4 that the guideline term of imprisonment for violations of 18 U.S.C. § 924(c) is the term of imprisonment required by statute. The statute requires that a mandatory 7-year term of imprisonment at Count 3 and a mandatory 25-year term of imprisonment at Count 6 are to be served consecutively to any other term of imprisonment imposed. . . .

PSR, p. 6, ¶14.

As a result of these statements in the PSR, the Court concluded in its Sentencing Order that it was duty-bound to apply the "mandatory minimum term of imprisonment of seven (7) years (consecutive) for the first conviction for brandishing a firearm during the commission of a crime under 18 U.S.C. § 924(c)(1)(A)(ii); and a mandatory minimum of 25 years (consecutive) for each subsequent conviction under Section 924(c)(1)(C)(i)." Doc. no. 156.

When the Askew brothers appealed their sentences, the United States Court of Appeals for the Third Circuit consolidated their separate appeals, and affirmed their convictions and judgments of sentence in an Opinion and Order entered on October 26, 2006. Doc. no. 218.

On November 7, 2008, this Petitioner filed his first Motion to Vacate under 28 U.S.C.

4

§ 2255. Doc. no. 241. On January 21, 2010 this Court issued a Memorandum Opinion and Order denying the Motion to Vacate. Doc. nos. 272 and 273.

This Petitioner timely filed an appeal (doc. no. 283) of the Court's Order denying him relief under Section 2255, and requested a certificate of appealability. On September 7, 2010, the United States Court of Appeals for the Third Circuit denied his request stating:

> . . . For essentially the reasons explained by the District Court in its January 21, 2010, opinion, Askew has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Doc. no. 290.

On February 6, 2012, in response to a motion filed by this Petitioner, the Court of Appeals held:

> The petition for rehearing filed by Appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and a majority of the judges who concurred in the decision not having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court *en banc*, the petition for rehearing is hereby DENIED.

Doc. no. 308.

On April 8, 2014, Petitioner's Motions to Have Heard New Substantive Rule Per the Court's Discretion was filed. Doc nos. 338 and 339. On April 25, 2014, this Court entered an Order (doc. no. 340) denying the aforementioned Motions. However, in light of a decision reached by the United States Court of Appeals for Third Circuit in *United States v. Anthony Askew*, case no. 13-4825, (district court no. 03-244-2), filed April 29, 2014, on April 30, 2014, this Court *sua sponte* vacated that Order no. 340. See doc. no. 342.

Relying upon the April 29, 2014 *Anthony Askew* opinion for guidance, this Court ordered the Government to respond to the instant Motion(s) (doc. nos. 338 and 339) in the instant case. This Court also forwarded a copy of its Order vacating Order no. 340 (doc. no. 342) along with a

5

copy of the April 29, 2014 Court of Appeals Opinion in the *Anthony Askew* matter, to Maurice Askew. See doc. no. 342.

On May 13, 2014, the Government filed its Response to the Motion(s) filed by Maurice Askew at doc. nos. 338 and 339. See doc. no. 344. The Court finds that this matter is now ripe adjudication.

**III. Discussion**

Pages 14 through 20 of Petitioner's Motion contain the arguments he makes in favor of vacating his sentence.

In a nutshell, Petitioner argues that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), endows him with a "new right" one which, when invoked, is a "right against the designation of traditional elements as sentencing factors[.]" Doc. nos. 338, 339, p. 15. Petitioner continues this argument by asserting that he was "sentenced to 57 years imprisonment for offenses he was never found guilty of." Id.

Petitioner further explains that under *Alleyne* he is not arguing "who is authorized to determine § 924(c)(1)(C)," rather, he argues that *Alleyne* has "prohibited Congress from designating § 924 (c)(1)(C) as a sentencing factor."

Petitioner's sentencing (held on October 28, 2004) pre-dates the 2013 decision date of *Alleyne*.[3] As noted by the Court of Appeals in *United States v. Anthony Askew*, case no. 13-4825, (district court no. 03-244-2), filed April 29, 2014, *Alleyne* is not retroactive. See *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014).

---

[3] The Court notes that **if** *Alleyne* had been decided prior to Petitioner's sentencing, the jury would have had to find that Petitioner "brandished" his weapon as opposed to merely "used," "carried," or "possessed" his weapon in violation of § 924(c)(1)(A)(ii). However, as noted, the *Alleyne* decision post-dates Petitioner's sentencing by several years.

6

In addition, here, as in the *Anthony Askew* matter, Petitioner's currently pending Motions (doc. nos. 338 and 339) appear to collaterally attack his sentence under 28 U.S.C. § 2255. Section 2255 Motions must be raised within one year from the latest of four specified dates. See 28 U.S.C. § 2255(f). However, this Court deems Petitioner's current Section 2255 Motion raising an *Alleyne* claim as untimely, because, as noted immediately above, the *Alleyne* decision does not apply retroactively to cases such the instant matter.

Moreover, as noted in "II. Case History," Petitioner has already filed one Section 2255 Motion in his case and thus, the instant Motions appear to be second or successive Section 2255 Motion(s), "because [they] challenge the same judgment as his previous § 2255 motion." See *Winkelman*, supra.; see also, *Anthony Askew,* Case No. 13-4825, p.3, n 1. As explained by the Court of Appeals, this Court lacks jurisdiction to consider this pending Motion because the Court of Appeals has not authorized this Court to do so, and thus, this Court is obligated to dismiss it or transfer it to the Court of Appeals Court "to be treated as an application under 28 U.S.C. §§ 2244(b) and 2255(h). See *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)." *Anthony Askew,* Case No. 13-4825, p.3, n 1. Like the Motion filed in the *Anthony Askew* matter, these Motions (doc. nos. 338 and 339) do not satisfy the standard for filing a second or successive Section 2255 Motion "because, as [the Court of Appeals] recently held, *Alleyne* has not been "made retroactive to cases on collateral review by the Supreme Court[.]" *Winkelman*, 2014 WL 1228194, at *1 (quoting § 2244(b)(1)(A))." *Id.*

**IV. CONCLUSION**

Given the Court of Appeals guidance in the *Anthony Askew* matter and the recent *Winkleman* decision, the Court will deny Maurice Askew's instant Motions (doc. nos. 338 and 339).

<pre>
                            s/ Arthur J. Schwab
                            Arthur J. Schwab
                            United States District Judge
</pre>

## ORDER OF COURT

AND NOW, this 21st day of May, 2014, for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner's, Maurice Askew's, Motion to Have Heard New Substantive Rule Per the Court's Discretion (filed twice, at doc. nos. 338-339) is DENIED.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

    Maurice Askew, Petitioner  
    Inmate Number 07973-068  
    United States Penitentiary Canaan  
    P.O. Box 300  
    3057 Easton Turnpike  
    Waymart, Pa. 18472  
OFFICIAL LEGAL CORRESPONDENCE