IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MAURICE ASKEW,

      Defendant.

Criminal No. 03-244-04

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION
(DOC. NO. 358)**

Presently before the Court is Maurice Askew's "Rule 59 Motion to Alter, Amend, or Reconsider Judgment" – meaning this Court's Order (doc. no. 349) denying his request to "Alter, Amend, or Reconsider Judgment." See doc. no. 347. In a nutshell, Maurice Askew's Motion filed at doc. no. 347, asked this Court to Reconsider its previous Order which refused to vacate his sentence under 28 U.S.C. § 2255 (hereinafter "Section 2255 Motion"). See Askew's Motion filed at doc. no. 347, the Government's Response in Opposition filed at doc. no. 348, and this Court's Order at doc. no. 349. The Court notes for the record, that the Section 2255 Motion to which Maurice Askew's Motion filed at doc no. 347 relates, was his second Section 2255 Motion, making the instant Motion his Second Request for Reconsideration of his Second 225 Motion.

**I. Standard of Review**

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment. *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir.1988).

However, the scope of a Motion for Reconsideration "is extremely limited." *Blystone v. Horn,* 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. den.*, 476 U.S. 1171 (1986). A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp. 2d 236, 238 (W.D. Pa. 1998) (quoting *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)). See also *Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 2001 WL 41131, *2 (E.D. Pa. 2001) (same).

Also, a motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992). See also *Williams*, 32 F.Supp. 2d at 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly") (quoting *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)). These general rules apply fully when considering a motion to reconsider a court's decision denying habeas corpus relief. See e.g., *Bacon v. Carroll*, 2009 WL 3156751, *1 (D. Del. 2009); *Griffin v. Hogsten*, 2007 WL 1811222, *1 (M.D. Pa. 2007).

**II. Discussion**

As noted in the Court's prior Memorandum Order (doc. no. 345), on March 2, 2004, an 18-count Superseding Indictment was filed, charging four persons, including this Petitioner (Maurice Askew) and his brother (Anthony Askew), along with Anthony Williams, and Nicole Harris, with the various offenses stemming from a series of six bank robberies that took place in 2002 and 2003 in Western Pennsylvania. As noted by the Court's prior Memorandum Order (doc. no. 345), the *modus operandi* of these robberies was that two masked men, with guns drawn, would enter a bank, and while one of the men would "cover" the employees and patrons, the other would jump over the counter, riffle the drawers for cash, and then the two men would run to a waiting stolen vehicle and flee the scene.

This Court also noted in its prior Memorandum Order that Anthony Williams was the gunman who jumped the counter and took the cash while one of the Askew brothers stood guard in each robbery. Nicole Harris was the driver of the getaway car for the S&T bank robbery on July 8, 2003. Williams and Harris entered into plea agreements with the Government and testified against the Askew brothers at their jury trial in May and June of 2004.

The jury convicted Maurice Askew on all counts of the Superseding Indictment. In sum, Maurice Askew was convicted of bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Counts 1, 4); armed bank robbery, in violation of Title 18, United States Code, Section 2113(d) (Counts 2, 5); and carrying and brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Counts 3, 6).

This Court sentenced Petitioner, Maurice Askew, on Counts One through Six, to a term of imprisonment of 468 months, calculated as follows: 84 months (7 years) at each of Counts

One, Two, Four and Five, to be served concurrently to each other; 84 months (7 years) at Count Three, to be served consecutively to the preceding term of imprisonment; and 300 months (25 years) at Count Six, to be served consecutively to the preceding terms of imprisonment. Additionally, the Court sentenced Maurice Askew to a term of Supervised Release of 3 years at each of Counts One and Four, to run concurrently, and a term of 5 years at each of the remaining counts, to run concurrently, a special assessment of $600.00, and restitution.

For both Maurice Askew and his brother, the main reason behind their substantial terms of imprisonment was the statutory consecutive sentences that were mandated because they brandished firearms in furtherance of the armed bank robberies. See 18 U.S.C. § 924(c)(1)(A)(ii). Section 924 provides, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A).

Additionally, Section 924(c)(C)(i) provides that in the case of a second or subsequent conviction under this subsection, the person "shall be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(C)(i).

Prior to the sentencing hearing, the United States Office of Probation and Pretrial Services prepared Maurice (and Anthony) Askew's Presentence Investigation Report ("PSR"). At the time of its preparation, the PSR was not a document that was filed on the docket, given the certain information contained therein. However, this Court issued a Sentencing Order on October 12, 2004, which specifically noted that, "neither party has challenged the accuracy of

the Probation Office's report [referencing the PSR] in any other respect, the Court will accept the accuracy of the fact [sic.] findings of the [PSR] which are not in dispute." Doc. no. 156.

Contained among the PSR's uncontested facts – which this Court adopted as its own findings of fact – was the following: during the course and scope of the August 1, 2002 robbery, which formed the basis for Count Three – a Section 924(c) charge – Maurice Askew and Anthony Williams "both entered the bank with handguns drawn, instructing the employees to get down on the floor, while demanding money from the tellers." PSR, p. 4, ¶6. The PSR also indicated that during the September 3, 2002 robbery, which formed the basis for Count Six – the other Section 924(c) charge – Maurice Askew and Anthony Williams "both entered the bank with handguns drawn, ordered everyone to get down on the floor and demanded money from the tellers." PSR, p. 5, ¶7.

In addition, the PSR noted:

> It is specified in U.S.S.G. § 2K2.4 that the guideline term of imprisonment for violations of 18 U.S.C. § 924(c) is the term of imprisonment required by statute. The statute requires that a mandatory 7-year term of imprisonment at Count 3 and a mandatory 25-year term of imprisonment at Count 6 are to be served consecutively to any other term of imprisonment imposed. . . .

PSR, p. 6, ¶14.

As a result of these statements in the PSR, the Court concluded in its Sentencing Order that it was duty-bound to apply the "mandatory minimum term of imprisonment of seven (7) years (consecutive) for the first conviction for brandishing a firearm during the commission of a crime under 18 U.S.C. § 924(c)(1)(A)(ii); and a mandatory minimum of 25 years (consecutive) for each subsequent conviction under Section 924(c)(1)(C)(i)." Doc. no. 156.

When the Askew brothers appealed their sentences, the United States Court of Appeals for the Third Circuit consolidated their separate appeals, and affirmed their convictions and

5

judgments of sentence in an Opinion and Order entered on October 26, 2006. Doc. no. 218.

On November 7, 2008, this Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255. Doc. no. 241. On January 21, 2010, this Court issued a Memorandum Opinion and Order denying the Motion to Vacate. Doc. nos. 272 and 273.

This Petitioner timely filed an appeal (doc. no. 283) of the Court's Order denying him relief under Section 2255, and requested a Certificate of Appealability. On September 7, 2010, the United States Court of Appeals for the Third Circuit denied him a Certificate of Appealability stating:

> . . . For essentially the reasons explained by the District Court in its January 21, 2010, opinion, Askew has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Doc. no. 290.

On February 6, 2012, in response to a motion filed by this Petitioner, the Court of Appeals held:

> The petition for rehearing filed by Appellant having been submitted to all judges who participated in the decision of this court, and to all the other available circuit judges in active service, and a majority of the judges who concurred in the decision not having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court *en banc*, the petition for rehearing is hereby DENIED.

Doc. no. 308.

On April 8, 2014, Petitioner's Motions to Have Heard New Substantive Rule Per the Court's Discretion was filed. Doc nos. 338 and 339. On April 25, 2014, this Court entered an Order (doc. no. 340) denying the aforementioned Motions. However, in light of a decision reached by the United States Court of Appeals for Third Circuit in *United States v. Anthony Askew*, case no. 13-4825, (district court no. 03-244-2), filed April 29, 2014, on April 30, 2014, this Court *sua sponte* vacated that Order no. 340. See doc. no. 342.

6

Relying upon the April 29, 2014 *Anthony Askew* opinion for guidance, this Court ordered the Government to respond to the instant Motion(s) (doc. nos. 338 and 339) in the instant case. This Court also forwarded a copy of its Order vacating Order no. 340 (doc. no. 342) along with a copy of the April 29, 2014 Court of Appeals Opinion in the *Anthony Askew* matter, to Maurice Askew. See doc. no. 342.

On May 13, 2014, the Government filed its Response to the Motion(s) filed by Maurice Askew at doc. nos. 338 and 339. See doc. no. 344. On May 21, 2014, this Court denied Maurice Askew's Motion(s) noting that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the case upon which Maurice Askew heavily relied, was not a retroactive decision. The Court also noted in its Memorandum Order (doc. no. 345), that because Maurice Askew's Motion(s) were his fourth attempt(s) to obtain relief through Section 2255, this Court lacked jurisdiction to hear the matter.

Following that Order (doc. no. 345), Maurice Askew asked this Court to reconsider its decision in a Motion filed at doc. no. 347. The Court received a Response in Opposition to Maurice Askew's Motion to Reconsider. Doc. no. 348. Based upon those arguments, the Court denied Maurice Askew's Motion to Reconsider. Doc. no. 349.

Presently before the Court, is Maurice Askew's Motion to Reconsider the Court Order denying his first Motion to Reconsider. Doc. no. 358. Because there are no new arguments advanced in this current motion and because it is substantially similar to his first Request for Reconsideration, the Court will deny the instant Motion.

To this end, the Court adopts by reference its prior Analysis set forth on pages 7 through 9 of its prior Order filed at doc. no. 349.

**III. Conclusion**

All of the arguments Maurice Askew makes in his instant Motion for Reconsideration have been adequately addressed by this Court's two prior Memorandum Orders (doc. nos. 345 and 349), and thus, the Court finds that there is no legal basis to grant his Motion for Reconsideration. As such, his Motion for Reconsideration (doc. no. 347) will be denied.

**ORDER**

AND NOW, this 12th day of September 2014, Defendant's Rule 59 Motion to Alter, Amend or Reconsider (doc. no. 358) is **DENIED**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

PRO SE PLAINTIFF
Maurice Askew, Petitioner
Inmate Number 07973-068
United States Penitentiary Canaan
P.O. Box 300
3057 Easton Turnpike
Waymart, Pa. 18472

OFFICIAL LEGAL CORRESPONDENCE